UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**Jan Shepherd,**

Plaintiff,

v. **No. 4:26-cv-1306-P**

**NEW REZ LLC,**

Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 22, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. FCR, ECF No. 10. The FCR recommended the Court deny Plaintiff Jan Sheperd's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO"). Plaintiff filed an Objection to the FCR on November 11, 2026. ECF No. 13. The Court accordingly conducted a *de novo* review of the FCR. As detailed below, the Court will **DENY** the TRO, **ADOPT** the reasoning in the Magistrate Judge's FCR and **OVERRULE** Plaintiff's Objection.

After Plaintiff filed her Motion for TRO, the Court ordered Plaintiff to, no later than October 21, 2026, file a certificate of conference as required under Local Civil Rule 7.1(b). ECF No. 7; *see also* Local Civil Rules 7.1(a), (h). Plaintiff failed to comply with the Court's order as of the date of the FCR. ECF No. 10. The Magistrate Judge accordingly concluded that Plaintiff's Motion for TRO and Renewed Motion for TRO (ECF No. 8) should be denied for failure to comply with the Court's order. *See* Johnson v. Nissan Motor Acceptance Co., No. 3:26-cv 1311-B-BN, 2026 WL 2105700, at *1 (N.D. Tex. July 6, 2026) ("Rule 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with . . . a court order.") (internal quotation

marks and citations omitted). The Court agrees with the Magistrate Judge's reasoning that this alone would justify denial.

Even assuming that Plaintiff had complied with the Court's order, to obtain a temporary restraining order or a preliminary injunction, Plaintiff must satisfy the following four requirements: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the injunction will not disserve the public interest. See *Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Champion Nat'l Sec., Inc. v. A&A Sec. Grp.*, LLC, No. 3:21-CV-00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021) ("To be entitled to a TRO, a movant must establish the same four elements for obtaining a preliminary injunction . . . ."). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. See *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (quoting *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009)).

In this case, Plaintiff seeks a TRO and preliminary injunction regarding funds allegedly being improperly held by Defendant, who is the servicer of two of Plaintiff's mortgage accounts. ECF Nos. 3, 8. Plaintiff claims that her irreparable harm is that, without a TRO, "Defendant will continue to assess compounding late fees, ruin Plaintiff's credit, and place Plaintiff's real property at risk of foreclosure based on a servicer created default." ECF No. 3. However, compounding late fees and damage to a credit rating are injuries that are "compensable by money." *Watts v. Fed. Home Loan Mortg. Corp.*, No. 12-692 (SRN/JSM), 2012 WL 1901304, at *4 (D. Minn. May 25, 2012). These are dollars and cents injuries that are almost by definition not irreparable. *See also Poeschel v. SLWM, LLC, d/b/a SupplyLogic*, No. 4:26-cv-00359-RK, 2026 WL 2455381, at *5 (W.D. Mo. Aug. 21, 2026) ("[C]ourts routinely conclude that harm to a party's credit score does not amount to irreparable damage.") Moreover, because no foreclosure sale

has occurred or is scheduled to occur, Plaintiff has "not carried [her] burden to establish that absent injunctive relief, [she] will suffer irreparable harm." *Hyde v. Selene Fin. LP*, No. 4:17-cv-00993-O, 2017 WL 11552846, at *2 (N.D. Tex. Dec. 29, 2017). Plaintiff does not dispute this in her objection and instead reiterates substantially the same harm. *See* ECF No. 13 at 3 (describing "improperly assessed penalties" and a "cloud on title").

Having conducted a *de novo* review of the record, the Court therefore **ADOPTS** the reasoning of the Magistrate Judge, **OVERRULES** Plaintiff's Objection, and **DENIES** the Motion for TRO and Renewed Motion for TRO. ECF Nos. 8, 10. The above-captioned case remains reassigned to United States Magistrate Judge Jeffrey Cureton for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c)(1), with any appeal therefrom taken to the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3).

**SO ORDERED** on this **23rd day** of **November, 2026.**

Mark T. Pittman

Mark T. Pittman
UNITED STATES DISTRICT JUDGE